hTHOMAS W. TANNER, Judge Pro Tem.
12TI1ÍS is an action for partition of community property brought by Mrs. Blackledge seeking to divide the value of the community assets, consisting of the matrimonial domicile, pension benefits and a savings plan.
The community property regime between the parties terminated on April 14, 1988, the date the petition for separation was filed. Subsequently, both parties separately filed for and obtained relief under Chapter 7 of the Bankruptcy Code. Mrs. Blackledge obtained relief from all of her debt, including the community debt. Mr. Blackledge also obtained relief from all of his debt; however, he reaffirmed (agreed to remain liable for) a note to Sunburst Bank, which was secured by a mortgage on the former matrimonial domicile.
In response to the petition filed herein by Mrs. Blackledge, Mr. Blackledge made a claim for reimbursement for repairs he had made to the house, as well as reimbursement for payments he made on the mortgage note after such debt was reaffirmed by him in his bankruptcy.
The trial court essentially allowed Mr. Blackledge reimbursement for the repairs to the house (approximately $22,000.00) as well as reimbursement for approximately $50,-000.00 in mortgage payments made by him. The trial court subsequently rendered an amended ruling because the original judgment had been rendered “without considering the effect of Mrs. Blackledge’s discharge in bankruptcy.” The supplement consisted of a ruling that no reimbursement was due Mr. Blackledge for the repairs done prior to Mrs. Blackledge’s bankruptcy, as these debts had been discharged in that bankruptcy.
The trial court then offset the total amount of reimbursement due Mr. Blackledge by a credit of approximately $39,000.00, representing the fair market rental value due Mrs. Blackledge for Mr. Blackledge’s use of the matrimonial house.
Mrs. Blackledge appeals, arguing that the trial court erred in allowing reimbursement to Mr. Blackledge for the mortgage payments made, because that debt had been discharged as to Mrs. Blackledge in her bankruptcy. Mrs. Blackledge asserts that the trial court |3correctly concluded that no reimbursement was due for repairs undertaken prior to her bankruptcy, and she argues that the same reasoning and application should be made regarding the mortgage payments made by Mr. Blackledge, a debt she claims was also discharged. Mrs. Blackledge also asserts the trial court erred in allowing reimbursement for repairs done to the home, arguing that those claims are offset by the value of the use of the family home.
We find no error in the trial court’s ordering Mrs. Blackledge to reimburse Mr. Blackledge for payments made by him on this community debt. When Mrs. Black-ledge’s bankruptcy discharge was entered on July 10, 1989, her personal obligation on the note to Sunburst was discharged. (The debt to Sunburst is listed on Schedule A-2 of Mrs. Blackledge’s bankruptcy schedules.) See 11 U.S.C. § 727(b). Any validly perfected security device passes through bankruptcy intact, and it can be utilized by the holder to satisfy the balance due on the debt, only to the extent of the value of the property. Therefore, while Mrs. Blackledge’s personal obligation on that debt, to Sunburst as well as to Mr. Blackledge, was extinguished by her discharge in bankruptcy, the community asset remained burdened by a community debt. Mr. Blackledge used his separate funds to *546 pay this community debt, and is thereby, entitled to reimbursement.
We likewise find no error in the trial court’s allowing Mr. Blackledge reimbursement for all post-discharge repairs, and in offsetting the amount of reimbursement due by the rental value on the matrimonial home, over which Mr. Blackledge has enjoyed exclusive use.
Accordingly, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Mrs. Blackledge.
AFFIRMED.